IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FRANK D. MONSEGUE, SR., )
　　　　　　　　　　　　　　　)
　　Movant, 　　　　　　　　　)
　　　　　　　　　　　　　　　)
v. 　　　　　　　　　　　　　 )　CASE NOS. CV416-021
　　　　　　　　　　　　　　　)　　　　　　　CR414-019
UNITED STATES OF AMERICA, 　 )
　　　　　　　　　　　　　　　)
　　Respondent. 　　　　　　　)
　　　　　　　　　　　　　　　)

O R D E R

Before the Court is Movant Frank D. Monsegue, Sr.'s Motion for Reopening the Time to File an Appeal. (Doc. 155.)[1] In his motion, Movant appears to request that the Court reopen the time for him to file a direct appeal of his criminal sentence. According to Movant, he did not receive a copy of the written judgment entered on July 27, 2015, until "several months later" because he was in transit shortly after his sentencing from August 22, 2015 until September 8, 2015. (Id. at 1.) For the following reasons, Movant's motion must be **DENIED**.

After a careful review of Movant's motion and the record in this case, the Court concludes that Federal Rule of Appellate Procedure 4 affords Movant no relief. First, Movant seeks relief under the Federal Rule of Appellate Procedure 4(a)(6), which provides for the reopening of time to file an appeal in a civil

---

[1] All citations are to Movant's criminal docket at 4:14-cr-00019, except where denoted otherwise.

case if the moving party did not receive notice "of the entry of the judgment or order sought to be appealed within 21 days after entry," and "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice...whichever is earlier." Id. 4(a)(6)(A),(B). These rules do not apply to an appeal of Movant's criminal judgment. Even if these rules did apply, Movant clearly failed to file his motion within the proscribed timelines, either within fourteen days after receiving a copy of the judgment or, at the latest, within 180 days after the entry of the judgment. The judgment was entered on July 27, 2015, and this motion comes before the Court on September 20, 2018.

Second, reviewing Movant's motion under Federal Rule of Appellate Procedure 4(b), which governs appeals in criminal cases, provides Movant no relief. Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a defendant must file a notice of appeal within fourteen days after entry of the judgment. However, under Rule 4(b)(4), the time to file a notice of appeal may be extended upon a finding of excusable neglect or good cause "for a period not to exceed 30 days from the expiration of the time otherwise proscribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

Movant stated that he was in transit from August 22, 2015 through September 8, 2015 and did not receive a copy of the judgment until "several months later." (Doc. 155.) However, Movant

2

has failed to explain why he has waited three years to seek a direct appeal or otherwise establish excusable neglect or good cause for his failure to timely file a direct appeal. Movant has failed to establish sufficient reasons for seeking to appeal three years after the entry of the judgment.

Further, Rule 4(b)(4) limits the extension of the time to file an appeal to thirty days beyond Rule 4(b)'s fourteen-day deadline. Movant's time to appeal his criminal conviction expired on August 10, 2015, fourteen days after entry of judgment on July 27, 2015. Had this deadline been extended, the extended deadline would have ended on September 9, 2015. Rule 4(b) does not permit this Court to extend the time to file a notice of appeal more than thirty days past the deadline of August 10, 2015. See United States v. Lopez, 562 F.3d 1309, 1314 (11th Cir. 2009). As a result, the Court lacks the power to reopen the time for Movant to file an appeal. Accordingly, Movant's Motion for Reopening the Time to File an Appeal is **DENIED**.

SO ORDERED this 18th day of October 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA