IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

CRIMINAL CASE NO.: 4:14-cr-19

FRANK D. MONSEGUE, SR.,

Defendant.

**O R D E R**

For the reasons set forth below, the Court **DENIES** Defendant's motion through which he

requests enforcement of the First Step Act.  (Doc. 187.)

The First Step Act of 2018 modified 34 U.S.C. § 60541(g)(1) to provide that:

(A) The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons ["BOP"] facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.
(B) In carrying out a pilot program as described in subparagraph (A), the Attorney General [and by designation the BOP] may release some or all eligible elderly offenders and eligible terminally ill offenders from [BOP] facilities to home detention, upon written request from either the [BOP] or an eligible elderly offender or eligible terminally ill offender.

As to the placement of elderly inmates on home confinement, the First Step Act, 34 U.S.C. §

60541(g)(5)(A), now reads:

The term "eligible elderly offender" means an offender in the custody of the [BOP] –
(i) who is not less than 60 years of age;
(ii) who is serving a term of imprisonment that is not life imprisonment based on conviction for [certain identified offenses] and has served 2/3 of the term of imprisonment to which the offender was sentenced;
(iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);

(iv) who has not been determined by the [BOP], on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the [BOP], to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);

(v) who has not escaped, or attempted to escape, from a [BOP] institution;

(vi) with respect to whom the [BOP] has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and

(vii) who has been determined by the [BOP] to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

Defendant's instant motion contends that he meets each of these requirements.  (Doc. 187, pp. 1–2.)

Even if Defendant meets the First Step Act's qualifications for home confinement, the Court has no authority to grant him that relief.  "Under the First Step Act, as amended, the Attorney General — and by delegation the BOP — has exclusive authority and sole discretion to designate the place of an inmate's confinement."  Jones v. Woods, No. 2:19-CV-61-WHA, 2019 WL 2754731, at *4 (M.D. Ala. June 4, 2019), *report and recommendation adopted*, No. 2:19-CV-61-WHA, 2019 WL 2754488 (M.D. Ala. July 1, 2019); see also United States v. Calderon, 801 F. App'x 730, 731–32 (11th Cir. 2020) (district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)).  While this Court sentenced Defendant, the execution of his sentence rests with the BOP which designates a prisoner's place of confinement.  See 18 U.S.C. § 3621 ("The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable[.]"); see also Cohen v. United States, 151 F.3d 1338, 1343 (11th Cir. 1998) (Congress "inten[ded] to allow the BOP to rely on its own judgment in classifying prisoners and placing them in institutions"); Brown v. Atkinson, No. 09-23555-CIV, 2010 WL 3659634, at

2

*4 (S.D. Fla. June 11, 2010), *report and recommendation adopted*, No. 09-23555-CIV, 2010 WL 3659587 (S.D. Fla. Sept. 15, 2010) ("The law is clear that the BOP has exclusive authority to designate a prisoner's place of confinement. A federal district court does not have the authority to order an inmate's placement in a particular facility or program.").[1]

Thus, the Court **DENIES** Defendant's request that this Court grant him relief under the First Step Act. (Doc. 187.)

**SO ORDERED**, this 6th day of August, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Even if the Court could entertain Defendant's claim, it would deny it. For one, the First Step Act does not mandate that the BOP place prisoners on home confinement when they meet the age and other attendant requirements; it merely gives it discretion to do so. Additionally, given that Defendant likely already completed his sentence of imprisonment, his request is now moot. To the extent that Defendant challenges the BOP's calculation of his sentence, he would have to bring his sentence calculation claim via 28 U.S.C. § 2241 in the district of his current confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Because he is not currently confined within this district, the Court cannot grant him any relief under Section 2241. Thus, to the extent that Defendant intended to bring his claim pursuant to 28 U.S.C. § 2241, the Court **DENIES** that claim **WITHOUT PREJUDICE**.